UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM R. McGRUDER,

    Plaintiff,

v.                                       Case No. 06-14283

GROSSE POINTE FARMS POLICE        Honorable Sean F. Cox
DEPARTMENT,

    Defendant.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff William R. McGruder ("Plaintiff"), acting *pro se*, filed this action against Defendant Grosse Pointe Farms Police Department ("Defendant") on September 28, 2006. The matter is currently before the Court on Defendant's unopposed Motion to Dismiss and Motion for Summary Judgment. For the reasons set forth below, Defendant's Motion for Summary Judgment shall be GRANTED and Plaintiff's complaint shall be dismissed with prejudice.

BACKGROUND

On September 28, 2006, Plaintiff filed his *pro se* complaint alleging that: 1) his "rights were violated when he was illegally stopped, [because he] was stopped without probable cause," and 2) "Plaintiff was not informed or afforded an opportunity to a hearing concerning [his] vehicle, [and his] vehicle was sold at public auction." (Compl. at 1).

On November 30, 2006, Defendant filed a "Notice of Fault of Non-Party Pursuant to Michigan Statute (MCL §600.2957)" in which Defendant gave notice that a non-party, the

1

"Michigan Department of State/Michigan Department of Secretary of State, is or are wholly or partially at fault for Plaintiff's damages, if any, in that they were completely responsible for providing notice to Plaintiff of the abandoned status of his motor vehicle; that Plaintiff could request a hearing contesting whether his vehicle was properly removed or deemed abandoned; and, that Plaintiff could challenge the reasonableness of towing and storage fees was well as the process for redemption."

On December 5, 2006, this Court issued a Scheduling Order in this action that, among other things, provides that witness lists shall be filed by March 12, 2007, and that all discovery shall be completed by May 1, 2007.

On December 6, 2006, Defendant sent Plaintiff a "Notice of Taking Deposition Duce Tecum" in which it advised Plaintiff that his deposition would be taken by Defense Counsel on January 23, 2007, in Southfield, Michigan. (*See* Ex. 3 to Def.'s Br.). At Plaintiff's request, Defendant issued a "Re-Notice of Taking Deposition Duces Tecum" so that Plaintiff could be deposed in Detroit, Michigan on a date and time selected by Plaintiff. (Ex. 4 to Def.'s Br.). Nevertheless, Plaintiff failed to appear for his deposition on that date. (Ex. 5 to Def.'s Br.).

On March 9, 2007, Defendant filed its witness list. Although the March 12, 2007 deadline for filing a witness list has passed, to date Plaintiff has not filed a witness list or otherwise identified the witnesses he intends to call at trial.

On February 20, 2007, the instant "Motion for Summary Judgment and Motion to Dismiss on Behalf of Defendant Grosse Pointe Farms Police Department (Grosse Pointe Farms Department of Public Safety)" was filed. Along with that motion, Defendants filed a "Statement of Material Facts Not in Dispute" that contains the following statements of undisputed facts:

1. William R. McGruder is a resident and citizen of the City of Detroit and State of Michigan residing at 1852 W. Grand Blvd., Detroit, Michigan 48208 (Ex 1, Plaintiff's Complaint).

2. That on April 4, 2006, Plaintiff William R. McGruder was stopped while operating a 1993 red Chevrolet SUV on eastbound Mack Avenue at Calvin (Ex 1 and its attached Incident/Prosecution Report).

3. That Plaintiff William R. McGruder at the time of his stop on April 4, 2006 had outstanding warrants for his arrest unrelated to the traffic stop (Ex 1 and its attached Incident/Prosecution Report).

4. That Plaintiff's motor vehicle, the 1993 red Chevrolet SUV was 'impounded' on or about April 4, 2006 (Ex 1 and its attached Incident/Prosecution Report).

5. That Plaintiff seeks damages in the amount of Two Thousand Five Hundred Dollars ($2,500.00)(Ex 1).

Attached as Exhibit 1 to Defendant's Statement of Material Facts Not in Dispute is Defendant's "Incident/Prosecution Report" from the April 4, 2006 traffic stop that ultimately resulted in Plaintiff's arrest on that date. That report summarizes the offense as a "[t]raffic stop that resulted in multiple warrant arrest, parole violation warrant, open intox, & possession of narcotic paraphernalia. See narrative." The Narrative Report states, in pertinent part, that:

> Reporting officer was working stationary traffic enforcement on e/b Mack near Calvin. At approximately 16:15 hrs r/o observed a small red Chevrolet s.u.v. make an improper lane change (fail to signal) as it pulled to a stop at the traffic light located e/b Mack at Calvin. R/o filed the attached registration plate of AFH-7062 via LEIN/MDT. LEIN check revealed that the registered owner has mutli warrant for his arrest. Due to heavy traffic conditions r/o did not catch up to this vehicle until Mack & Moross. Suspect vehicle was turning left (north) at this time. Emergency lights were activated at this time however the vehicle never came to a stop and continued until it pulled into the Mack Avenue Plaza parking lot and entered a parking space. Suspect vehicle had no back window and the driver side door was held onto the vehicle by some cords.
>
> Reporting officer approached the lone occupant who was in the process of exiting the passenger side door. Driver was oblivious to officers presence and

> stated he never saw r/o behind him attempting to make a stop. Driver was somewhat hostile with r/o and demanded to know why he was stopped. R/o explained that he had multiple unconfirmed warrants. Suspect provided a Michigan drivers license identifying himself as William McGruder 09/24/53. PSO Ford and PSO Fontaine arrived to assist r/o at this time. Warrant from Warren PD was confirmed/valid & would pick up. . .Mr. McGruder was handcuffed (d.l.) by r/o and placed into the rear of Sct. 3T1 and transported to station #30 by PSO Ford. PSO's Ford & Hodor booked and processed Mr. McGruder upon arrival. . .

(*Id*.).

As a result of Plaintiff's arrest, his vehicle was impounded. (*See* Ex. 2 to Def.'s Br., Affidavit of Kathleen Harrison Gacobelli, Civilian Inmate Dispatcher/Records Clerk for Defendant, and attachments). The vehicle was stored at a local towing company. On that same date, April 4, 2006, the vehicle was entered into the Law Enforcement Information Network (LEIN) as an impounded vehicle. Pursuant to impound procedures, the vehicle was to remain in the LEIN system for seven days as an impounded vehicle. On April 20, 2006, Defendant re-entered the vehicle into the LEIN system as abandoned, after the local towing company advised that no one has attempted to recover the vehicle. (*Id.*). As part of the reporting process for an abandoned vehicle, Gacobelli personally notified the Michigan Secretary of State of the relevant information relating to the vehicle. (*Id.)*.

Exhibit B to Gacobelli's Affidavit is an Abandoned Vehicle Notice that Michigan's Secretary of State apparently sent to Plaintiff on April 27, 2006, advising Plaintiff that he may request a hearing to contest whether the vehicle was properly removed or deemed abandoned.

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Under the Local Court Rules any response

4

opposing Defendant's February 20, 2007 Motion for Summary Judgment was required to be filed within 21 days of service of the motion (*i.e.*, no later than March 12, 2007). To date, however, Plaintiff has not filed any written response opposing Defendant's motion.

On February 28, 2007, the Court issued a "Notice Setting Motion Hearing" in which the Court notified the parties to appear on April 26, 2007, for a hearing on Defendant's motion. Although Defense counsel appeared for the motion hearing on April 26, 2007, Plaintiff did not appear.[1] Given that Plaintiff did not appear at the hearing, the Court did not believe that proceeding with oral argument would be beneficial. The Court therefore indicated on the record at the hearing that the motions would be decided on the briefs submitted. *See* Local Rule 7.1.

Standard of Decision

Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

ANALYSIS

Defendant seeks dismissal and/or summary judgment on the following grounds: 1) this Court lacks subject matter jurisdiction over this matter; 2) this Court should dismiss this action because Plaintiff has failed and refused to attend his own deposition; 3) Plaintiff's §1983 claim asserting an unlawful search and seizure fails because the arresting officer had probable cause to

---

[1] Nor did Plaintiff contact the Court to request an alternative hearing date or advise that he could not attend on the scheduled hearing date.

stop, and ultimately arrest, Plaintiff; 4) Plaintiff's §1983 claim asserting a violation of due process fails because, by statute, another entity is charged with notifying Plaintiff of the status of his vehicle and his right to a hearing; 5) Defendant's officers are entitled to qualified immunity; and 6) Defendant may not be held vicariously liable to Plaintiff under §1983.  Defendant's unopposed grounds for relief will be discussed below.

A.      This Court Has Subject Matter Jurisdiction Over This Action.

As a preliminary matter, Defendant asserts that this Court lacks subject jurisdiction over this matter because diversity jurisdiction does not exist and because Plaintiff's complaint does not allege that this action arises under federal law.

The Court disagrees.  The United States Court of Appeals for the Sixth Circuit has instructed that *pro se* filings, such as Plaintiff's complaint, are to be construed liberally.  *See e.g., Owens v. Keeling,* 461 F.3d 763, 776 (6th Cir. 2006).  Although Plaintiff's complaint does not specifically reference 42 U.S.C. §1983, the Civil Cover Sheet accompanying Plaintiff's complaint listed "1983" in the section asking the plaintiff to cite the U.S. Civil Statute under which he or she is filing.  Moreover, a liberal reading of the *pro se* complaint itself leads this Court to conclude that Plaintiff's complaint alleges: 1) a §1983 claim based upon an unlawful search and seizure; and 2) a §1983 claim based upon a violation of due process.  Accordingly, this Court has subject matter jurisdiction over this matter.

B.      Qualified Immunity Has No Application Here Because Plaintiff Has Not Asserted Any Claims Against Any Government Officials.

The defense of qualified immunity shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known. *Humphrey v. Mabry*, __ F.3d __ at *6 (6th Cir. April 2, 2007).

In its motion, Defendant asserts that "Defendant's Officers and CID/Records Clerk are entitled to qualified immunity." (Def.'s Br. at 9). The only defendant named in this action, however, is the Grosse Pointe Farms Police Department. Plaintiff has not asserted any claims against the arresting officers or Gacobelli. Because no government officials have been named as Defendants in this action, the doctrine of qualified immunity has no application here.[2]

C.  Plaintiff's §1983 Claims Against Defendant Must Be Dismissed Because Municipal Liability Under *Monell* Does Not Exist.

Defendant also asserts that Plaintiff's §1983 claims must be dismissed under *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978). Defendant notes that under *Monell*, a municipality or a department of a municipality cannot be held vicariously liable under §1983 for the acts or omissions of its employees. Rather, it can be held liable under §1983 only where the municipality itself caused the alleged constitutional violation at issue.

The Court agrees. Under *Monell*, municipal liability is "limited to situations in which the deprivation of constitutional rights results from an official policy or custom of the county." *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007). "The mandate of *Monell* and its progeny requires (1) that a municipality be held liable only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be

---

[2] The Court notes that even if Plaintiff had asserted his §1983 unlawful search and seizure claim against the arresting officer, that claim would fail on its merits because the undisputed evidence presented to the Court indicates that the arresting officer had probable cause to pull Plaintiff's vehicle over (*i.e.*, failing to use his turn indicator) and probable cause to arrest Plaintiff (*i.e.*, outstanding warrants).

said to represent official policy, inflicts the injury,' *Monell*, 436 U.S. at 694, and (2) that there be an 'affirmative link between the policy and the particular constitutional violation alleged.'" *Id.*

A review of Plaintiff's complaint indicates that Plaintiff has not properly stated a claim for municipal liability under *Monell*. Moreover, in response to Defendant's properly supported Motion for Summary Judgment, Plaintiff has submitted no evidence that could support a claim for municipal liability under *Monell*. Accordingly, Defendant is entitled to summary judgment with respect to Plaintiff's §1983 claims.[3]

D.  **Dismissal Of This Action Is Also Warranted By Plaintiff's Failure To Appear For His Deposition Or Otherwise Cooperate With Discovery In This Action.**

Defendants also request that this Court dismiss Plaintiff's complaint, pursuant to FED. R. CIV. P. 37(d) for Plaintiff's failure to appear for his deposition.

Rule 37(d) provides that if a party fails to appear for a deposition, the Court can impose sanctions, including dismissal of the action. Although dismissal of an action is a harsh remedy, the Court believes it is appropriate under the circumstances presented here.

As Defendant notes, Plaintiff failed to appear for his deposition, even after Defendant rescheduled the deposition for a location and date requested by Plaintiff. Moreover, the record reflects that Defense Counsel is unable to communicate with Plaintiff or obtain any discovery from Plaintiff in this action. The only document filed by Plaintiff in this action is his September 28, 2006 complaint. Contrary to the Local Rules for the Eastern District of Michigan, Plaintiff

---

[3]Plaintiff's due process claim against Defendant is also fatally flawed because, by statute, the Secretary of State – not Defendant – is charged with notifying a vehicle owner that a vehicle has been deemed abandoned by the State and informing the vehicle owner of his or her right to a hearing. *See* M.C.L. §257.252a.

did not list a telephone number for Plaintiff on his complaint, *see* L.R. E.D. Mich. 5.1(a), and mail sent to the address listed on Plaintiff's complaint has since been returned as undeliverable. Plaintiff has also failed to file a witness list in accordance with this Court's Scheduling Order. Thus, Plaintiff has effectively deprived Defendant of any opportunity for discovery in this matter.

Accordingly, the Court concludes that dismissal of Plaintiff's complaint is also warranted on this alternative ground for relief.

### CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

S/Sean F. Cox
**Sean F. Cox**
**United States District Judge**

**Dated: May 1, 2007**

**I hereby certify that on May 1, 2007 a copy of the foregoing document was served upon counsel of record by electronic means and upon William McGruder via First Class mail at the address below:**

William R. McGruder
1852 W. Grand Blvd.
Detroit, MI 48208

S/Jennifer Hernandez
Case Manager